Judge Buckner,
delivered the opimoirof the court.
Patrick having bought of Langston a lot and house, executed a no;.; for i5D, part of the pric;, payable on 1st of October, 18J!; upon which JLang.-ton sued and recovered judgment, subject to various credits.
To be r- Ijeved against if, Patrick instituted this suit by bill in chancery. ‘ e alleges,'hat by the terms of the contract, possession of ihe property purchased. was to bed diveredon the Isi <-f Oc‘. 1819;but that 1 .angston, not finding it convenient to deliver it at trie time agreed upon, ippliod to him for permission to occupy it for some time thereafter, to which he consented; no price *654 for the use of the premises, nor time, for which he. should occupy it, having been stipulated; that under the permission thus granted, Langston continued to enjoy them for two years; and that they were worth $fb‘Q per annum. He also alleges, that Langston is insolvent; and that the only means by which he could hope to obtain justice, is a decree of the chancellor, perpetually injoining the unsatisfied portion of thejudgment, which was less than the sum to which the reips would amount.
One witness without corroberuiiug ■circumstance» insufficient to controvert an absolute an- '• swer. *
It a compl’t in chancery introduce his proof, and instead of having ap issue • made up for a jury, submit ■ j^chancellor' he must“ abide tbfe con— sequences,
*654 Upon a hearing of the cause, an injunction which had been granted, was, by the decree of the court, dissolved with damages; and the bill dismissed with costs.
To reverse it, Patrick prosecutes this writ of error, insisting,
1st. That it was erroneous to dismiss the bill.
Snd. That if it was proper to do so, it was nevertheless erroneous to dismiss it absolutely.
That the first error complained of,does not exist, we are well satisfied. Laugslon, in his answer, expressly denies toe allegation, as to his having rented of Patrick, and as to the t'me possession was to be delivered. He says, he was bound to deliver it on demand only, with which he punctually complied. One witness only, proves any thing about the time, at which,-by the teimsof the contract, }‘ai.rick was to have possession, and he speaks of it with hesitancy. It is probable tnat the writing containing tire' terms of the contract, if there was one, would have removed all doubt on this point; but it was not produced, nor were any reasons assigned for the omission. It was admitted that Langston retained possession during almost two years, after Fairick would have been entitled to it, on demand; but the p-oof was evidenlly insufficient to authorize the decree'sought, in opposition to the positive denial of the defendant.
The second ground assumed is equally untenable. Had the bill been dismissed upon the ground of a want of jurisdiction, the. dismission should have been without prejudice. But if the bill contained equity, so as to have justified a decree in favor of Patrick, for an injunction, to t-ie extent of ¡he rents, it would have been improper, to permit the claim, after a full trial upon its *655 merits, to be tried again in a common law court. It becomes therefore, necessary to determine this point. Langston not only fails to deny the insolvency, but fact is established by the proof. The amount of the claim was not ascertained, but the recovery of a judgmerit atdaw, by Patrick, would have been an idle expenditure of money and an useless act, unless he could retain the amount as set-off, against the judgment. _ It is equally true, that an unliquidated demand does hot constitute a proper subject of set-off; nor will chancery entertain jurisdiction, to enforce a discount in any case, unless tíie matter sought to be discounted, constitutes a part of the consideration of the demand, on which the judgment at law was obtained; or there has been an agreement between the parties, that there shall be such set-off; or the matter was understood at the time when it originated, as a partial payment; or unless some extraneous circumstance obstructing the eourse of justice at law, is proved to exist; such for example, as insolvency. But the complainant in this case, owing to the insolvency of his adversary, was without any effectual remedy at law. There would, therefore, have been no impropriety in directing an issue, to ascertain the amount of the rents, and decreeing an injunction for the amount, if Patrick had shewn that he was entitled to it. But having introduced his proof, and submitted his case upon it, he must abide the consequences of its insufficiency.
Caperton, for plaintiff; Turner, fey defendant;
The decree of the circuit court is therefore affirmed' with costs.